# United States District Court
# Eastern District of California

| | |
|---|---|
| SUTTER NGUYEN,<br>　　　　Petitioner,<br>　　v.<br>DWIGHT W. NEVEN, Warden,<br>　　　　Respondent. | CIV S-08-2150 TJH<br><br>Order |

In June, 2003, Lamson Trong Pham ("Lamson") and Bruce Huy Phan ("Bruce") were charged with the murder of Alan Khamphoumy ("Khamphoumy"), with the personal discharge of a firearm causing great bodily injury or death and the attempted murder of T.T. and V.D. with the same firearm allegations. In August, 2003, Sutter Nguyen ("Petitioner") was charged with the same offenses.

On the night of October 26, 2002, a Laotian family held a birthday party in and around the garage of their Sacramento residence. Some of the attendees were in LGC, a Laotian street gang and some of the attendees were in JVP, a Vietnamese street gang. All the defendants are Vietnamese. Prosecution evidence indicated that, in 1998, the police confirmed Petitioner was a JVP gang member.

The testimonies of witnesses who attended the party presented conflicting evidence as to what occurred on that night. One witness testified that the party was not

an LGC party, even though he and Lamson indicated to each other their rival gang affiliations. Other partygoers testified, however, that when the two groups faced each other across the driveway, LGC members taunted JVP members by asking "Where you all from?" After the members claimed their gang affiliations, JVP members pulled out their guns and started shooting. T.T. testified that he was shot and injured. V.D., a seventeen year-old girl, was, also, shot and injured. Khamphoumy was shot and killed.

There was, also, conflicting testimony between co-defendants Lamson and Bruce and John D. ("John"), who testified that he was given use immunity and awaiting trial for an unrelated murder.

Lamson testified that he was told by Petitioner that Petitioner used to be JVP, but was no longer a member. Lamson, also, stated he saw Petitioner at the party but did not remember seeing him during the shooting.

Bruce testified that he was unsure of the sequence of events. He first testified that Petitioner pulled a gun and began to shoot, along with other JVP gang members, John and Trung Nguyen ("Boy"), but later testified that he did not know whether Petitioner actually shot or not.

Finally, John testified that he and Petitioner were not JVP members and maintained that Petitioner did not have a gun. John testified that it was Tan who fired the pistol which Tan later used to commit suicide. John later admitted, however, that he lied to the police due to his fear of being charged with the shooting.

When police stopped Lamson and Bruce on the same street as the party, two guns were found in the vehicle. Both guns were connected to casings found at the crime scene. There was gun shot residue on Bruce's palms and Bruce's fingerprints were on the gun that matched the bullet that killed Alan. Petitioner was arrested months later when police stopped him and Boy in a vehicle. When the driver of the vehicle emerged from the car, Boy killed himself with a shot to the head.

The trial court granted the prosecutor's motion to join cases and denied Petitioner's motion for severance. The prosecution's theory was that the defendants

were involved in a Vietnamese street gang and went looking for a confrontations with rival Laotian gang members and shot at unarmed people. Lamson and Bruce claimed self-defense. Evidence was adduced that John's trial testimony partially conflicted with his statements in a police interview, a videotape of which was played to the jury. Petitioner did not testify, but maintained that no evidence showed he was present at the party or involved with the crimes, except evidence provided by the uncorroborated testimony of "accomplices" Lamson, Bruce and John.

The jury convicted Petitioner of second degree murder and two counts of attempted murder. The trial court sentenced Petitioner to fifteen years to life for murder and a consecutive term of nine years and four months for the attempted murders.

Petitioner appealed his conviction and the California Court of Appeal affirmed the judgment. Subsequently, Petitioner filed a petition for review with the California Supreme Court, which was denied. Petitioner did not file any petitions for writ of *habeas corpus* in state court, however, Respondent admits that Petitioner exhausted his claims for relief. Petitioner, in *pro se*, filed this federal writ for *habeas* relief.

Petitioner claims that:

1. The trial court improperly admitted evidence of his ties to JVP, a Vietnamese street gang, to show he was involved in the offences;

2. The trial court erred by not instructing that John, Lamson and Bruce were accomplices as a matter of law and that their testimonies needed to be corroborated;

3. The trial court erred by giving instructions that invited the jury to convict him on the basis of motive;

4. The trial court erred by not instructing the jury that the flight instruction did not apply to him;

5. There was insufficient evidence to convict him of any crime;

6. The trial court denied him a fair trial by refusing to sever his trial from the

trial of Bruce and Lamson, his co-defendants;

7. In closing argument, the prosecution commented that he did not testify in violation of his constitutional rights;

8. The trial court erred in denying his motion for mistrial after John's testimony that Petitioner had been "on the run" for "murder" was inadvertently admitted;

9. Petitioner joins in the claim raised by his co-defendants which may benefit him.

10. Petitioner attaches an argument, challenging the prosecutor's use of peremptory challenges; and

11. The cumulative impact of the claimed errors deprived him of due process and a fair trial.

A writ of *habeas corpus* may only be granted if the petitioner's state court judgment was in violation of "clearly established federal law, as decided by the Supreme Court" or was based on an "unreasonable determination of the facts" based on the evidence before the state court. 28 U.S.C. § 2254(d)(1-2). Factual decisions made by that state court are presumed to be correct and the petitioner has the burden of proof to show the state court made a factual mistake by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner claims that the trial court improperly admitted evidence of Petitioner's ties to JVP. The trial court ruled that because gang evidence may be relevant to motive, it would allow some gang evidence but it would be severely limited. An expert was allowed to testify to the confrontational meaning of the greeting, "Where you from?" and whether the JVP and LGC gangs are rivals. Evidence was not allowed regarding Petitioner's involvement with JVP. The court excluded evidence that violence enhances reputation in gang culture.

Federal courts do not review questions of state evidence law. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385, 396 (1991). In relation to federal *habeas* review, federal courts may only consider whether a petitioner's

conviction violated constitutional norms. *Jammal v. Van De Kamp*, 926 F.2d 918, 919 (9th Cir. 1991). Accordingly, the relevant inquiry is whether the admission of the evidence "so fatally infected the proceedings as to render them fundamentally unfair." *Jammal*, 926 F.2d at 919. As a result, only if the jury can draw no permissible inferences from the evidence can its admission violate due process. *Jammal*, 926 F.2d at 920. Even then, however, the evidence must "be of such quality as necessarily prevents a fair trial." *Henry v. Estelle*, 33 F.3d 1037, 1042 (9th Cir. 1994).

The gang evidence was relevant to provide context to the conduct that occurred at the time of the incident. In particular, the gang evidence was relevant for the jury to understand that the question, "Where you all from?", was a challenge to fight. Without such evidence, there would be no explanation as to why the shooting occurred after what appeared to be a simple question. Accordingly, gang membership as a motive was essential to understanding the charged offenses and without the gang evidence, the prosecution would have been prejudiced. Because gang membership as a motive is a permissible inference that the jury may draw from the evidence, the admission of such evidence was not objectively unreasonable as to render the trial fundamentally unfair. Petitioner's claim fails.

Petitioner claims that the trial court erred in failing to instruct the jury that John, Lamson, and Bruce were accomplices as a matter of law and that their testimonies needed to be corroborated. Unlike California's accomplice corroboration rule, federal constitutional law does not require an accomplice's testimony to be corroborated. *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000). To the contrary, an accomplice's uncorroborated testimony is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face. *United States v. Lopez*, 803 F.2d 969, 973 (9th Cir. 1986).

The testimonies of John, Lamson and Bruce do not require corroboration. Furthermore, their testimonies were neither incredible nor unsubstantial. Their testimonies placed Petitioner at the scene of the crime, which was substantial evidence.

Although Petitioner claims that John lied in his testimony and that his co-defendant had a great deal to gain by placing Petitioner at the scene of the crime, this Court finds that there was nothing incredible about their testimonies because the co-defendants did not blame Petitioner for the shooting nor identify Petitioner as a JVP gang member, and they further admitted to firing guns. Accordingly, Petitioner has failed to establish that the trial court's decision was objectively unreasonable and, therefore, this claim fails.

Petitioner claims that the trial court erred by giving instructions that invited the jury to convict him on the basis of motive. Specifically, the trial court gave the jury a special instruction, which provided that testimony related to gang behavior and possible gang membership may be considered for determining motive. The trial court further instructed the jury that presence of motive may tend to establish guilt, but that motive is not an element of the crime charged and need not be shown.

A claim for instructional error under state law is not a basis for federal *habeas* relief. Federal courts do not grant relief simply because the instruction may have been deficient. *Estelle*, 502 U.S. at 71. Instead, the only question for federal review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 71. Additionally, it has been established that the instruction "may not be judged in artificial isolation," but must be considered in the context of the instructions as a whole and the trial record. *Estelle*, 502 U.S. at 72.

Petitioner did not advance any controlling federal authority to establish that the jury's consideration of motive in a case violates a federal constitutional right to due process. Moreover, the jury instruction did not invite the jury to convict Petitioner on the basis of motive. Rather, the trial court instructed the jury that motive *may* be considered to establish guilt, but motive is not an element of the crime charged and need not be shown. Also, the jury instruction provided that an absence of motive may tend to establish innocence. Therefore, Petitioner has failed to establish that the trial court's decision was objectively unreasonable, and this claim fails.

Additionally, Petitioner challenges the trial court's instruction regarding flight: "The flight of a person immediately after the commission of a crime, is not sufficient in itself to establish his guilt but us a fact which if proved, may be considered by you in the light of all other proved facts in deciding whether a defendant is guilty or not guilty. The weight to which this circumstance is entitled is a matter for you to decide." The trial court, also, instructed the jury: "Whether some instructions apply will depend upon what you find to be the facts determined by you to exist. Do not conclude that because an instruction has been given I am expressing an opinion as to the facts."

As discussed above, a claim for instructional error under state law is not a basis for federal *habeas* relief. *Estelle*, 502 U.S. at 71. Further, California Jury Instruction ("CALJIC") Number 2.52, the flight instruction, has withstood constitutional challenge. *McMillan v Gomex*, 19 F.3d 465, 469 (9th Cir. 1994). Because Petitioner did not cite any controlling federal authority to establish that the flight instruction violated his federal constitutional right to due process, his claim fails. Even so, when evidence was shown that the perpetrators fled the crime scene and identified Petitioner as one of the perpetrators, it was for the jury to decide whether Petitioner took flight and whether this was a factor showing his guilt. Thus, the trial court's flight instruction did not result in a fundamentally unfair trial.

Petitioner argues that there was insufficient evidence to convict him of any crime. Sufficiency of the evidence claims raised in *habeas* proceedings must be measured with reference to substantive requirements as defined by state law. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S. Ct. 2781, 2792, 61 L. Ed. 2d 560, 577 (1979). In cases where the evidence is unclear or would support conflicting inferences, "the federal court 'must presume – even if it does not affirmatively appear in the record – that the trier of fact resolves any such conflict in the favor of the prosecution and must defer to that resolution.'" *Payne v. Borg*, 982 F.2d 335,338 (9th Cir. 1992). Whether a federal court "would agree with the finding is irrelevant," it is strictly whether any reasonable fact-finder could have found that the evidence supports the elements. *Woratzeck v.*

*Lewis,* 863 F. Supp. 1079, 1091 (D. Ariz. 1994), *aff'd* 97 F.3d 329 (9th Cir. 1996). Accordingly, a federal court reviews challenges to the sufficiency of the evidence by determining whether in "viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *Lewis v. Jeffers*, 497 U.S. 764, 781, 110 S. Ct. 3092, 3102-3, 111 L. Ed. 2d 606, 624 (1990).

Petitioner is challenging his conviction based on California's rule that accomplice testimony must be corroborated. There is no federal requirement that accomplice testimony must be independently corroborated. *Laboa*, 224 F.3d at 979. Petitioner's argument depends on his conclusion that John was an accomplice. Whether John was an accomplice was for the jury to decide. The Court must presume that the trier of fact resolved the conflict of whether John was an accomplice in favor of the prosecution and must, also, defer to that resolution, regardless of whether this Court agrees with the jury's finding. In viewing the evidence in a light most favorable to the prosecution, the Court finds that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Accordingly, there was sufficient evidence to sustain Petitioner's conviction. Petitioner has not shown the trial court's decision was objectively unreasonable and, therefore, this claim must be denied.

Petitioner contends that the trial court denied him a fair trial by refusing to sever his trial from his co-defendants. A trial court's ruling on a severance motion is reviewed for abuse of discretion on the basis of the facts known to the trial court at the time of its ruling. *People v. Box*, 23 Cal. 4th 1153, 1195, 99 Cal. Rptr. 2d 69, 99 (2000). However, if the ruling denying severance was correct when made, a judgment may still be reversed on a showing that joinder actually resulted in gross unfairness amounting to a denial of due process. *People v. Mendoza*, 24 Cal. 4th 130, 162, 99 Cal. Rptr. 2d 485, 505 (2000). Reversal is appropriate only if a gross unfairness resulted from the consolidation. *People v. Greenberger*, 58 Cal. App. 4th 298, 343, 68 Cal. Rptr. 2d 61, 70 (1997). Even where there are mutually antagonistic defenses,

denial of severance does not necessarily deny a fair trial. *Zafiro v. United States*, 506 U.S. 534, 538, 113 S. Ct. 933, 937, 122 L. Ed. 2d 317, 324 (1993). Further, even improper joinder does not violate the Constitution unless it results in prejudice so great as to deny a defendant his right to a fair trial. *United States v. Lane,* 474 U.S. 438, 446, 106 S. Ct. 725, 730, 88 L. Ed. 2d 814, 823 (1986).

Under California law, joint trials are the rule and severance is the exception. Controlling federal law does not dictate a different result. Accordingly, this Court finds that the trial court was well within its discretion to order a joint trial for Petitioner and his co-defendants. Further, under Rule 14 of the Federal Rules of Criminal Procedure, "a district court should only grant a severance if there is a serous risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant." *Zafiro,* 506 U.S. at 539. Here, notwithstanding the conflicting defenses of co-defendants, the joint trial did not raise such a risk that would either compromise a specific trial right or prevent the jury from making a reliable judgment about Petitioner's guilt or innocence. Thus, Petitioner has failed to establish any basis for his claims that the joint trial deprived him of due process or that the trial court's decision was objectively unreasonable.

Petitioner claims that his constitutional freedom from self-incrimination was violated when the prosecution commented that he did not testify. It is improper for a prosecutor to ask the jury to treat a defendant's silence as evidence of guilt. *Griffin v. California,* 380 U.S. 609, 615, 85 S. Ct. 1229, 1233, 14 L. Ed. 2d 106,110 (1965).

When the issue of whether a *Griffin* error occurred during the closing arguments was raised during the trial, the trial court ruled:

> While it may to some extent constitute *Griffin* error, I'm going to find that this is what constitutes an indirect, mild reference. Because at the point

> in time [the prosecutor] made that comment, he didn't suggest in any manner that the jury can infer that Mr. Nguyen was guilty based on his failure to … testify. Um, I am gonna admonish the jury to disregard that. And, furthermore, um, I don't think that through this trial that [the prosecutor] has engaged in a pattern of conduct so egregious that it infected the trial or infected [Petitioner] or anyone else's trial with such unfairness as to make- make it so that any of these defendant were denied due process.

The prosecutor has the right to comment on the state of the evidence or on the defendant's failure to introduce material evidence. *United States v. Robinson*, 485 U.S. 25, 32, 108 S. Ct. 864, 869, 99 L. Ed. 2d 23, 31 (1988). When the prosecutor, on his own initiative, asks the jury to draw an adverse inference from a defendant's silence, the privilege against compulsory self-incrimination is violated. *Robinson*, 485 U.S. at 32. On the other hand, when the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by the defense, there is no violation. *Robinson*, 485 U.S. at 32.

Under controlling federal law, there is no violation of the privilege against self-incrimination if a prosecutor's reference to the defendant's opportunity to testify is a fair response to a defense claim. *Robinson*, 485 U.S. at 31. Here, the defense argued that John's statement that the group went to the party for gang purposes was not supported by any of the participants. As a result, the prosecutor, after commenting about the co-defendants, stated that he could not call Petitioner to the stand. The prosecutor's statement was a fair response to the defense's claim and the prosecutor did not suggest the jury should infer guilt from the failure to testify. Thus, this Court finds that no error occurred.

Petitioner claims that the trial court erred in denying his motion for a mistrial after the jury was inadvertently given evidence of John stating that Petitioner had been "on the run" for "murder". Specifically, during the trial, a transcript of John's videotaped police interview was given to the jurors, and, during John's testimony,

portions of the videotape were played for the jury. During cross-examination of John, Bruce's lawyers asked if Boy told John that he (Boy) was "on the run for a murder." John said, "Yes". Petitioner's attorney moved for a mistrial, arguing that the jury had been given an unredacted transcript of John's police interview which included John's statement. The failure to redact violated the court's *in limine* ruling that there would be no mention of Petitioner being on the run or being on parole. The trial court denied the mistrial motion but said that it "agree(d) that the jury heard evidence the Court ruled as inadmissible" and would admonish the jury. The trial court, then, ordered redaction of the tape and transcript and admonished the jury.

The state appellate court's reliance on a procedural rule operates as a procedural bar to federal review of this claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706, 716 (1991). The Ninth Circuit has held that California's "contemporaneous objection rule" is an adequate procedural bar. *Hines v. Enomoto*, 658 F.2d 667, 673 (9th Cir. 1981). Accordingly, federal courts cannot consider whether a state court properly applied its default rule to the Petitioner's facts. Further, federal *habeas* relief based on a procedurally defaulted claim is barred unless Petitioner is able to demonstrate a miscarriage of justice or cause and actual prejudice to excuse his default of the claim. *Coleman v. Thompson*, 501 U.S. 722, 748, 111 S. Ct. 2546, 2564, 115 L. Ed. 2d 640, 668 (1991). Petitioner has not made this showing. Accordingly, Petitioner's claim fails.

Petitioner, further, claims that the trial court should have granted a mistrial because of the admission of John's statements. As outlined above, federal courts do not review questions of state law. Furthermore, juries are presumed to follow instructions. *Weeks v. Angelone*, 528 U.S. 225, 234, 120 S. Ct. 727, 733, 145 L. Ed. 2d 727, 738 (2000). Although the jury did receive the unredacted transcript of John's police interview, the trial court admonished the jury not to consider the portion of the interview with the statement that Petitioner was on parole or

probation. Accordingly, this Court presumes that the jury followed the trial court's admonishment not to consider the inadmissible evidence. Moreover, because John's actual testimony was that Boy, not Petitioner, was "on the run for murder" the admission of John's statements did not fatally infect the proceedings, as to deprive Petitioner of a fair trial. Therefore, Petitioner has failed to establish that the trial court's decision was objectively unreasonable.

Petitioner challenges the prosecutor's use of peremptory challenges on the impermissible basis of race and gender. Specifically, Petitioner claims that the prosecutor systematically exercised peremptory challenges to remove minority prospective jurors. Because Petitioner did not raise the claim relating to peremptory challenges on direct appeal, he did not exhaust this claim. The exhaustion of available state judicial remedies is, ordinarily, a prerequisite to obtaining federal *habeas corpus* relief under 28 U.S.C. § 2254(b). *Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 509, 30 L. Ed. 2d 438, 438 (1971). Regardless, Petitioner's claim did not establish that the trial court erred. Accordingly, this claim must be denied.

After reviewing all of Petitioner's contentions, this Court concludes there is no cumulative error warranting federal *habeas* relief.

It is Ordered that the petition be, and hereby is, Denied.

Date: December 20, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge